## HEINER v. NORTH AMERICAN COAL CORPORATION et al.
### No. 1756.

District Court, W. D. Pennsylvania.

Nov. 14, 1942.

James I. Marsh and Samuel Kaufman, both of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay and Thomas W. Pomeroy, Jr., all of Pittsburgh, Pa., for defendants.

#### Order.

District Court, W. D. Pennsylvania.

Nov. 14, 1942.

James I. Marsh and Samuel Kaufman, both of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay and Thomas W. Pomeroy, Jr., all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The Pittsburgh & West Virginia Railway Company, having had certain of its officers and employes required to appear for the purpose of giving depositions pursuant to Rules of Civil Procedure, Rule No. 26, 28 U.S.C.A. following section 723c, has moved the court to limit the scope of the examinations in respect to certain matters which are alleged to be irrelevant and immaterial to the subject matter of the Complaint.

Rule 26 of the Rules of Civil Procedure, providing for discovery and obtaining of evidence for use at trial, is broad in scope and has been given liberal construction by the courts. It plainly does not confine the depositions taken under it to matters strictly material to the issue. If incompetent matter, but not privileged, be adduced, objection thereto may be made at trial if the deposition be offered. In the present case complaint in effect charges a conspiracy between the defendants. That being so, the scope of the testimony and its possible relevancy would be practically impossible to determine at the present stage of the action. The court will therefore deny the motion of the Pittsburgh & West Virginia Railway Company. In so doing it must rely upon the ethics and judgment of counsel for complainant not to oppress or unduly inconvenience it in taking the depositions.

Order.

And now, to wit, November 14, 1942, the motion of the Pittsburgh & West Virginia Railway Company to limit the scope of depositions of its officers and employes, filed November 13, 1942, is hereby denied.